UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:13-cr-00033-LRH-WGC |
| Plaintiff, | ORDER |
| vs. | |
| MATTHEW KEVIN COWEE, | |
| Defendant. | |

Before the court is Defendant Matthew Kevin Cowee's Appeal (#14[1]) from the Magistrate Judge's Order of Detention Pending Trial (#11). Following the Appeal, the Government filed its Response to Defendant Cowee's Appeal (#22). The court held a further detention hearing on June 3, 2013. After *de novo* review, the court concurs with the Magistrate Judge that Defendant has failed to successfully rebut the presumption of detention required under 18 U.S.C. § 3142.

Because there is probable cause to believe Defendant committed an offense involving a minor victim, as identified by 18 U.S.C. § 3142(e)(3)(E), Defendant bears the burden to overcome the presumption of detention. The court considers four factors to determine if Defendant overcomes that presumption. *See* 18 U.S.C. § 3142(g).

First, the court considers the nature and circumstances of the offense charged. This case is a federal crime involving multiple minor victims. Indeed, it appears that there is probable cause to believe Defendant collected several thousand images and numerous videos, many of them involving minor victims between five and eight years of age.

---

[1] Refers to the court's docket number.

Second, the court considers the weight of the evidence against Defendant. Though this factor carries the least weight, a great amount of evidence exists against Defendant, including admissions by Defendant and evidence suggesting the sharing of child pornography files.

Third, the court considers Defendant's history and characteristics. Defendant's prior employment as a computer repairman and consultant is not a strong rebuttal because, based on the nature of these allegations, Defendant would not be able to continue any employment working with computers. Additionally, from his interactions with the investigators, Defendant's character for honesty and truthfulness is suspect.

Finally, the court considers the nature and seriousness of the danger to any person or to the community posed by Defendant's release. As § 3142 indicates, Congress has declared all crimes involving minor victims are initially to be presumed a danger to others or to the community. The fact that these offenses do not require physical contact with minors does not diminish this presumption. There is also little reason to believe Defendant's girlfriend or Defendant's mother could serve as adequate custodians to prevent Defendant from committing future crimes. Moreover, evidence has been provided of a juvenile offense by Defendant at the age of seventeen committed against a much younger child which may have involved inappropriate sexual touching.

Based on these considerations, the court finds Defendant has not overcome the presumption that there are no conditions or combination of conditions which would reasonably assure the safety of the community.

Defendant shall therefore be detained pending further proceedings and trial herein.

IT IS SO ORDERED.

DATED this 4th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE